36383.   DAVIS, Guardian, *v.* DAVIS, Executor.

DECIDED OCTOBER 10, 1956.

*G. H. Mingledorff*, for plaintiff in error.

*L. A. Hargreaves, Marshall Ewing, Lee R. Williams, George Jordan*, contra.

FELTON, C. J.  It is too well settled to require citation of authority that in such a case as this the court of ordinary has no power or authority to construe a will.  Since the application for citation in this case prayed for a full accounting by the executor, it was necessary to construe the will in order to ascertain the rights of the parties.  A construction of the will in this case is necessary to ascertain whether or not the executor had completed his duties under the will and whether it was his duty to account to the guardian and turn over to her any or all the property of her ward bequeathed and devised by the will.  Since the court of ordinary had no authority in the first instance to construe the will, the superior court on appeal likewise had no such authority.

462

The act of 1943 (Ga. L. 1943, pp. 409, 414; Code, Ann. Supp., § 113-1423) provides: "The court of ordinary upon its own motion, or upon motion of any party at interest whenever it shall appear that a question of construction of a will or trust instrument is involved in said accounting, shall enter an order transferring said accounting to the superior court for the determination of all such questions which shall be presented to, heard and determined by the superior court as appeals from the court of ordinary are presented, heard and determined, and after the determination of such questions of construction by the superior court, the court of ordinary shall proceed with said accounting."

In view of the provisions of the above act, it was the duty of the ordinary to enter an order transferring the accounting proceeding to the superior court for determination of all questions involving the construction of the will, and after determining such questions the superior court would return the proceeding to the court of ordinary for further action and determination. It therefore follows that the court erred in sustaining the general demurrer to the application for accounting and the judgment is reversed with direction to the superior court that it return the proceedings to the court of ordinary with directions to the court of ordinary to transfer the proceedings to the Superior Court of Atkinson County for determination in terms of law.

*Judgment reversed with direction. Quillian and Nichols, JJ., concur.*